[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15238

_____

D. C. Docket No. 04-00568-CR-CC-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

A. STEPHAN BOTES,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 25, 2008)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

     A. Stephan Botes was convicted of conspiracy to embezzle federal funds by

a state agent and conspiracy to commit a scheme to defraud the State of Georgia

and its citizens of money and honest services (Count 1), embezzlement of federal funds (Counts 2-12), and wire fraud (Counts 18, 20-21). He was sentenced to 97-months' imprisonment and the district court entered an order of restitution and a criminal forfeiture judgment against him in the amount of $382,394.

On appeal, Botes argues the following: (1) the denial of Botes's mistrial motion following the lead prosecutor's selection for a federal magistrate judgeship requires reversal of his convictions; (2) the evidence was not sufficient to support his conviction for conspiracy to defraud the state of Georgia and deprive Georgia of the honest services of state school superintendent Linda Schrenko; (3) the evidence was not sufficient to show that Botes aided and abetted a scheme to defraud Georgia; (4) the district court improperly instructed the jury on aiding and abetting; (5) the evidence was not sufficient to show that Botes engaged in a scheme to defraud Georgia via wires; (6) the district court's evidentiary rulings concerning testimony by Botes's business attorney Kauffmann and Schrenko require reversal; (7) the cumulative effect of the evidentiary rulings requires reversal; (8) the denial of Botes's requests for specific jury instructions deprived Botes of his right to present a theory of defense; (9) the district court improperly enhanced Botes's sentence for obstruction of justice under § 3C1.1 of the sentencing guidelines; (10) his sentence was unreasonable; (11) the sentencing

court violated Botes's Sixth Amendment rights when it considered facts that were neither admitted by Botes nor found by the jury as part of their verdict; (12) the sentencing court denied Botes his right of allocution; (13) the factual basis for the order of restitution was clearly erroneous; (14) the order of forfeiture violated Botes's constitutional rights and was without statutory authority; and (15) Botes is entitled to access backup audiotape recordings of closing arguments and sentencing.

Upon careful review of the record and the parties' briefs, and with the benefit of having heard oral argument, we conclude that Botes's arguments have no merit. Accordingly, we affirm.

**AFFIRMED.**